UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
STATE NATIONAL INSURANCE COMPANY

                Plaintiff,                          Docket No. 1:22-cv-2686

  -against-                                  **COMPLAINT**

CERTAIN INTERESTED UNDERWRITERS AT
LLOYD'S LONDON,

                Defendant.
                .
-------------------------------------------------------------------X

Plaintiff, STATE NATIONAL INSURANCE COMPANY ("SNIC"), by its attorneys, STONBERG MORAN, LLP, as and for its Complaint against the Defendant CERTAIN INTERESTED UNDERWRITERS AT LLOYD'S LONDON ("Lloyd's"), alleges the following:

## PARTIES

1. SNIC is a Texas corporation with its principal place of business in Texas and is licensed to issue insurance policies in the State of New York.

2. Lloyd's is an association of insurance underwriters organized and domiciled in the United Kingdom.

3. Lloyd's is eligible to and does issue insurance policies in New York state.

## SUBJECT MATTER JURISDICTION

4. This Court has subject matter jurisdiction by virtue of 28 USC §1332 because there is complete diversity of citizenship between SNIC and Lloyds and the amount in controversy exceeds $75,000.

## VENUE

5. Venue is proper in this district under 28 USC §1391(b) because a substantial part of the events giving rise to this matter occurred in this district.

## THE ACCIDENT AND UNDERLYING LAWSUIT

6. Domingo Moncion ("Moncion") alleges that he was injured on November 13, 2019 (the "Accident") while employed by L&T 17 Corp. ("L&T") and working at a jobsite located at 671 Prospect Ave., Bronx, New York (the "Project").

7. Following the Accident, Moncion instituted suit in New York Supreme Court, Bronx County, Index No. 21589/2020, against, *inter alia,* Court Street Builders, LLC ("Court") and Prospect Living LLC ("Prospect") ("Suit").

8. Prospect and Court instituted a third party action against MT Ironworks Inc. ("MT") and L&T ("Third Party Suit").

9. Thereafter, Moncion amended his complaint to name MT as a direct defendant.

## RELEVANT CONTRACT

10. Prior to the Accident, Court retained MT to perform work at the Project by way of a contract ("Contract").

11. The Contract was signed by MT prior to the Accident.

12. The Contract was signed by Court prior to the Accident.

13. The Contract was signed by Prospect prior to the Accident.

14. The Contract between Court and MT required MT to procure general liability insurance with minimum limits of $1 million per occurrence, $2 million in the aggregate, naming Prospect and Court as additional insureds, on a primary and non-contributory basis.

15. Prior to the Accident, MT subcontracted certain work to L&T.

16. Moncion was performing work pursuant to the contract between MT and Court at the time of his alleged injury

17. Moncion was performing work pursuant to the contract between L&T and MT at the time of his alleged injury.

## THE INSURANCE POLICIES

18. SNIC issued a policy of insurance naming Prospect and Court as named insureds, policy PSI 1900194, which was in effect on the date of the Accident. ("SNIC Policy").

19. The SNIC Policy provides insurance coverage to Prospect and Court for the Accident and the Suit.

20. SNIC is defending Prospect and Court in the Suit and has agreed to indemnify Prospect and Court for the Suit.

21. The SNIC Policy specifies that the coverage it affords is excess over any insurance available to Prospect and Court which provides additional insured coverage to Prospect and Court.

22. Lloyd's issued a policy of insurance to MT, policy number SCP- 000005-02, which was in effect at the time of the Accident. ("Lloyd's Policy").

23. Lloyd's is providing a defense to MT in the Suit and has agreed to indemnify MT in the Suit.

## TENDER TO LLOYD'S AND ITS RESPONSE

24. SNIC, on behalf of Prospect and Court, tendered requests to Lloyd's that Lloyd's provide additional insured coverage to and defend and indemnify Prospect and Court in the Suit on a primary and non-contributory basis.

25. Counsel on behalf of Prospect and Court, tendered requests to Lloyd's that Lloyd's provide additional insured coverage to and defend and indemnify Prospect and Court in the Suit on a primary and non-contributory basis.

26. The tenders for additional insured coverage were based upon Lloyd's obligation to provide Prospect and Court with additional insured coverage for the Suit.

27. Lloyd's wrongfully failed to respond to all tenders.

### AS AND FOR A FIRST CAUSE OF ACTION

28. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "27" as though fully set forth therein.

29. Prospect is an additional insured on the Lloyd's Policy for the Accident and the Suit on a primary and non-contributory basis.

30. Court is an additional insured on the Lloyd's Policy for the Accident and the Suit on a primary and non-contributory basis.

31. Lloyd's failure to defend and indemnify Prospect on a primary and non-contributory basis was improper and wrong.

32. Lloyd's failure to defend and indemnify Court on a primary and non-contributory basis was improper and wrong.

33. Plaintiff, therefore, respectfully requests that this Court render a declaratory judgment pursuant to NY CPLR §3001 declaring that Lloyd's must defend and indemnify Prospect and Court without any condition or reservation on a primary and non-contributory basis in connection with the Accident and the Suit; and that said defense include the prosecution of a third-party action against MT and/or any other third-party actions deemed necessary.

### AS AND FOR A SECOND CAUSE OF ACTION AGAINST LLOYD'S

34. Plaintiff repeats, reiterates, and realleges each and every allegation set forth in paragraphs "1" through "33" as though fully set forth therein.

35. Prospect is an additional insured on the Lloyd's Policy for the Accident and the Suit on a primary and non-contributory basis.

36. Court is an additional insured on the Lloyd's Policy for the Accident and the Suit on a primary and non-contributory basis.

37. Lloyd's failure to defend and indemnify Prospect on a primary and non-contributory basis was improper and wrong.

38. Lloyd's failure to defend and indemnify Court on a primary and non-contributory basis was improper and wrong.

39. SNIC has and will suffer damage from Lloyd's refusal to acknowledge its obligation to defend and indemnify Prospect for the Accident and the Suit on a primary and non-contributory basis.

40. SNIC has and will suffer damage from Lloyd's refusal to acknowledge its obligation to defend and indemnify Court for the Accident and the Suit on a primary and non-contributory basis.

41. Lloyd's breached its contract with Prospect by failing to acknowledge that Lloyd's owed them additional insured coverage on a primary and non-contributory basis.

42. Lloyd's breached its contract with Court by failing to acknowledge that Lloyd's owed them additional insured coverage on a primary and non-contributory basis.

43. By virtue of the aforesaid breach, SNIC has been forced to defend Prospect and Court and is and will incur counsel fees defending Prospect and Court for the Accident and the Suit.

44. By virtue of the aforesaid breach, SNIC is exposed to indemnification obligations to Prospect and Court for the Accident and the Suit.

45. SNIC is entitled to equitable contribution and/or indemnification from Lloyd's.

46. By virtue of the above, therefore, SNIC is entitled to reimbursement from Lloyd's of all amounts expended or to be expended defending Prospect and Court for the Accident and the Suit.

**WHEREFORE**, Plaintiff demands judgment on its causes of action, money damages in an amount representing the cost of defense and indemnity of Prospect and Court in the Suit, and for such other and further relief as this Court may deem just and proper.

Date:  New York, New York
       April 1, 2022

>                    STONBERG MORAN, LLP
>                    Attorneys for Plaintiffs STATE
>                    NATIONAL INSURANCE COMPANY,
>
> By: _____
>         Sherri N. Pavloff
>     505 Eighth Avenue, Suite 2302
>     New York, New York   10018
>     (212) 231-2220
>     File No.: 40283

TO:

CERTAIN INTERESTED UNDERWRITERS AT
LLOYD'S LONDON
c/o New York State Department of Financial Services

CERTAIN INTERESTED UNDERWRITERS AT
LLOYD'S LONDON
c/o Wilson Elser Moskowitz Edelman & Dicker
150 East 42nd St.
New York, NY  10017