USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: _09/29/2022__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                  :

STATE NATIONAL INSURANCE COMPANY,    :

                                    :

            Plaintiff,                 :

                                    :           22-cv-2686 (LJL)

         -v-                      :

                                    :      OPINION AND ORDER

CERTAIN INTERESTED UNDERWRITERS AT   :
LLOYD'S LONDON,

                                    :

            Defendant.             :

                                    :
------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

      Defendant Certain Interested Underwriters at Lloyd's London ("Underwriters") moves,

pursuant to Federal Rule of Civil Procedure 14, for an Order granting it leave to file a third-party

complaint against Chubb National Insurance Company ("Chubb") and Illinois Union Insurance

Company ("Illinois Union").  Dkt. No. 17.  For the following reasons, the motion is denied

## BACKGROUND

      The first-party action is brought by State National Insurance Company ("State") against

Underwriters and grows out of an injury an individual named Domingo Moncion ("Claimant")

alleges he suffered on November 13, 2019 (the "Accident"), while he was working on a jobsite

located in the Bronx, New York (the "Project").[1]  Dkt. No. 1 ¶ 6.  Claimant was employed by

L&T 17 Corp. ("L&T"), which had been subcontracted by a company named MT Ironworks Inc.

("MT") to perform certain work at the Project.  *Id.* ¶¶ 6, 8, 15.  MT, in turn, was performing its

work at the Project, pursuant to a contract with Court Street Builders, LLC ("Court Street") and

---

[1] For purposes of this motion, the Court accepts the allegations of the complaint in the first-party
action as true.

Prospect Living LLC ("Prospect Living"). *Id.* ¶¶ 10–13, 16.  After the Accident, Claimant

instituted suit in New York Supreme Court, Bronx County, against Court Street and Prospect

Living. *Id.* ¶ 7.  Court Street and Prospect Living then instituted a third-party action against MT.

*Id.* ¶ 8.  Claimant then amended his complaint to name MT as a direct defendant. *Id.* ¶ 9.

Court Street and Prospect Living are the named insureds on a commercial general

insurance policy issued by State which provides insurance coverage for Court Street and

Prospect Living for the Accident and for Claimant's lawsuit (the "Suit"). *Id.* ¶¶ 18–19.  State is

defending Court Street and Prospect Living in the Suit and has agreed to indemnify them for the

Suit. *Id.* ¶ 20.  MT is the named insured under a policy of insurance issued by Underwriters,

who are providing a defense to MT in the Suit and have agreed to indemnify MT in the Suit. *Id.*

¶¶ 22–23.

The contract between Court Street and MT required MT to procure general liability

insurance with minimum limits of $1 million per occurrence and $2 million in the aggregate,

naming Court Street and Prospect Living as additional insureds, on a primary and non-

contributory basis. *Id.* ¶ 14.  In the first-party action, State claims that it tendered requests to

Underwriters on behalf of Court Street and Prospect Living to provide additional insured

coverage to and defend and indemnify Court Street and Prospect Living on a primary and non-

contributory basis based on Underwriters' alleged obligation to provide Court Street and

Prospect Living additional insured coverage. *Id.* ¶¶ 24–26.  State claims Underwriters failed to

respond to the tenders. *Id.* ¶ 27.  State seeks a declaratory judgment that Underwriters must

defend and indemnify Court Street and Prospect Living in connection with the Accident and the

Suit, *id.* ¶¶ 28–33, and for reimbursement, equitable contribution, and/or indemnification from

Underwriters for its alleged breach of contract in the form of reimbursement of all amounts

expended or to be expended defending Court Street and Prospect Living for the Accident and the Suit, *id.* ¶¶ 34–46.

Underwriters has answered, asserting affirmative defenses including that Court Street and Prospect Living have filed to satisfy the conditions to coverage contained in Underwriters' policy's additional insured endorsements and that any liability was not caused, in whole or in part, by the acts or omissions of Underwriters' named insured or anyone acting on its behalf in the performance of its ongoing operations for the purported additional insured.  Dkt. No. 14 ¶¶ 50–51.

Underwriters' proposed third-party complaint contains causes of action for a declaratory judgment and for breach of contract against Chubb and Illinois Union also arising from the Accident and the Suit.  Dkt. No. 17-3 ¶¶ 17–25.  The proposed third-party complaint alleges that Chubb/Illinois Union issued a policy to L&T, covering the time period of the Accident.  *Id.* ¶ 8. It also alleges that the subcontract between MT and L&T required L&T to procure insurance naming, inter alia, MT, Court Street, Prospect Living, and "any other person or entity that [MT] is required to name" as additional insureds for claims arising out of L&T's work pursuant to the subcontract on a primary and non-contributory basis.  *Id.* ¶¶ 9–10.  Underwriters alleges that MT tendered requests to Chubb/Illinois Union for defense, indemnification, and additional insured coverage for the Suit, *id.* ¶¶ 11–12, and that Chubb/Illinois Union then issued a late tender denial, *id.* ¶ 14.  Underwriters claims that the delay in responding to MT's tender waived Chubb/Illinois Union's right to rely on any of its policy exclusions to deny coverage and that MT is entitled to defense and indemnification under the Chubb/Illinois Union policy.  *Id.* ¶¶ 15–16. Underwriters seeks a declaratory judgment that Chubb/Illinois Union is obligated to defend, indemnify, and provide additional insured coverage to MT and that Chubb/Illinois Union is

obligated to defend, indemnify, and provide additional insured coverage to Court Street and

Prospect Living pursuant to the Chubb/Illinois Union policy for the Suit primary to and without

contribution from any insurance provided by the Underwriters. *Id.* ¶¶ 20–21. It also seeks

reimbursement of all costs expended in defending MT under a breach of contract theory. *Id.* ¶¶

22–25.

## DISCUSSION

Federal Rule of Civil Procedure 14 provides that "[a] defending party may, as third-party

plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or

part of the claim against it." Fed. R. Civ. P. 14(a).

"Rule 14(a) provides a procedural mechanism whereby a defendant can have derivative,

contingent claims against others not originally parties to the action adjudicated

contemporaneously with the claims against it; it does not create new substantive rights against

those other parties." *HSBC Bank USA, N.A. v. Hunter Delivery Sys., Inc.*, 2010 WL 2598195, at

* 5 (S.D.N.Y. June 28, 2010) (quoting *Gayle Martz, Inc. v. Sherpa Pet Group, LLC*, 651 F.

Supp. 2d 72, 85 (S.D.N.Y. 2009)). An "impleader action must be dependent on, or derivative of,

the main or third-party claim." *Bank of India v. Trendi*, 239 F.3d 428, 438 (2d Cir. 2000). A

third-party complaint under Rule 14(a) thus is appropriate where the third party's liability is

dependent upon the outcome of the main claim or the third party is potentially secondarily liable

as a contributor to the defendant. *See Kenneth Leventhal & Co. v. Joyner Wholesale Co.*, 736

F.2d 29, 31 (2d Cir. 1984). The rule permits only a "narrow intrusion[] into plaintiff autonomy."

3 James Wm. Moore, Moore's Federal Practice § 14.03[1], at 14-9 (3d ed. 2022). "If the claim is

separate or independent from the main action, impleader will be denied. . . . The mere fact that

the alleged third-party claim arises from the same transaction or set of facts as the original claim

is not enough." 6A Charles A. Wright and Arthur R. Miller, Federal Practice and Procedure §

4

costs and for indemnification of MT.  The outcome of the main action will have no legal effect

on the third-party claim.  By the same token, if Underwriters loses the main action and the Court

determines that Underwriters is required to treat Court Street and Prospect Living as additional

insureds and to reimburse Court Street and Prospect Living for their costs and their liability, that

too will have no bearing on whether Chubb/Illinois Union is liable to MT, and derivatively to the

Underwriters, for MT's defense costs and indemnification.  Accordingly, the third-party

complaint is not "dependent on, or derivative of, the main or third-party claim." *Trendi*, 239

F.3d at 438.

The fact that Underwriters seeks a declaration that Chubb/Illinois Union is responsible to

provide additional insured coverage to Court Street and Prospect Living is not sufficient to bring

this action within the coverage of Rule 14(a).  That request for relief is not supported by any

allegation in the third-party complaint.  While the third-party complaint alleges that

Chubb/Illinois Union issued a policy to L&T and that L&T also entered into a subcontract with

MT requiring it to procure insurance "naming, inter alia, MT Ironworks, Court Street, Prospect"

and others as "additional insured," Dkt. No. 17-3 ¶¶ 8–10, the proposed third-party complaint

does not allege that the Chubb/Illinois Union insurance policy, in fact, covered Court Street and

Prospect Living as additional insureds.  *Id.*  The proposed third-party complaint also does not

allege that any demand was made to Underwriters on behalf of Court Street and Prospect Living

with respect to the purported obligations owed to those entities by Chubb/Illinois Union.

Underwriters asserts that MT made a tender to Chubb/Illinois Union for MT's defense costs and

for indemnification of MT.  *Id.* ¶¶ 11–12.  It does not assert that MT (or Underwriters) made a

tender to Chubb/Illinois Union for coverage of the defense costs or indemnification of Court

Street or Prospect Living.  As noted, it alleges that "*MT Ironworks* is entitled to defense and

indemnification under the Chubb/Illinois Union Policy." *Id.* ¶ 16 (emphasis added).  Thus, even assuming MT (and Underwriters) have a meritorious claim against Chubb/Illinois Union for the costs and indemnification of MT, the third-party complaint asserts no basis upon which Underwriters—through the third-party complaint—could make Chubb/Illinois Union liable for any portion of the claim by State against Underwriters for the defense costs and indemnification of Court Street or Prospect Living.[2]

**CONCLUSION**

The motion for leave to file a third-party complaint is DENIED.

The Clerk of Court is respectfully directed to close Dkt. No. 17.

SO ORDERED.

Dated: September 29, 2022
        New York, New York

_____
LEWIS J. LIMAN
United States District Judge

---

[2] State claims Court Street and Prospect Living tendered the claim to Chubb/Illinois Union in July 2020, but Chubb/Illinois Union denied it on the grounds that Court Street and Prospect Living did not qualify as Additional Insureds and that the Suit was based on activities that fell outside the coverage of the policy, Dkt. No. 18-2, and State has chosen not to sue Chubb/Illinois Union as insurer for L&T, Dkt. No. 18 at 2.